UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE L. TINNON,

    Petitioner,

v.                                       Case No. 19-cv-340-pp

WARDEN GARY BOUGHTON,

    Respondent.

**ORDER DIRECTING PETITIONER TO FILE AMENDED *HABEAS* PETITION, GRANTING PETITIONER'S REQUEST TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND WAIVING FILING FEE**

**I.    Introduction**

On March 6, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his June 8, 2010 judgment of conviction in Milwaukee County Circuit Court for first-degree intentional homicide with the use of a dangerous weapon and being a felon in possession of a firearm. Dkt. No. 1 at 1-2. Along with his petition, the petitioner filed a motion for leave to proceed without prepaying the $5.00 filing fee. Dkt. No. 4. Ordinarily, this court would screen the petition under Rule 4 of the Rules Governing Section 2254 Cases. On October 18, 2019, however, the petitioner filed a second *habeas* petition in this court, challenging the same judgment of conviction that he challenges in this petition. See Tinnon v. Boughton, Case No. 19-cv-1533. Although similar to the March petition, the October petition alleges slightly different claims and facts. The petitioner

1

cannot proceed on the same claims in two separate *habeas* cases. The court will allow the petitioner to amend this petition (and will dismiss the October petition). The court also will grant the petitioner's motion for leave to proceed without prepaying the $5.00 filing fee.

**II.     The Petitions**

In this petition, the petitioner asserts that he pled guilty to first-degree intentional homicide with the use of a dangerous weapon and to being a felon in possession of a firearm. Dkt. No. 1 at 1-2. He later appealed his conviction, citing ineffective assistance of counsel and newly discovered evidence. Id. at 3. He says that on the same day he filed his appeal, he filed a postconviction motion seeking a sentence modification on the same grounds.[1] Id. at 4. The petitioner alleges that the Wisconsin Court of Appeals accepted a no-merit report two months later, and that he did not seek review in the Wisconsin Supreme Court or the United States Supreme Court. Id. at 3-4. Id. at 3. As grounds for *habeas* relief, the petitioner asserts his actual innocence and alleges ineffective assistance of appellate counsel. Id. at 7, 9. He requests a new trial. Id. at 12.

In his October petition, the petitioner again asserts that he pleaded guilty to first-degree intentional homicide, but this time he does not mention his conviction for being a felon in possession of a firearm. Tinnon v. Boughton, Case No. 19-cv-1533, Dkt. No. 1 at 2. The October petition states that the

---

[1] He later states that he has filed "about [six] or [seven]" state postconviction motions. Id. at 7.

2

petitioner pursued a direct appeal of his conviction based on ineffective assistance of counsel and *insufficiency of the evidence*—as opposed to the March petition, which alleged that he appealed based on newly discovered evidence. Id. at 3. The October petition indicates that he sought review of his conviction by the Wisconsin Supreme Court and the United States Supreme Court. Id. at 3-4. It also states that he filed ten state postconviction motions in addition to his direct appeal. Id. at 4. As grounds for *habeas* relief, the October petition argues actual innocence and appears to allege that the petitioner did not receive a fair trial, a claim which could potentially ground a due process claim. Id. at 6. The October petition does not purport to challenge "any court conviction." Id. at 2. Rather, it challenges "the fact that [the petitioner has] been held in solitary confinement" for about eight years. Id. For relief, the petitioner requests a new trial and $1 million. Id. at 12.

In his October petition, the petitioner states his belief that this court "dismissed [his March petition] altogether because [he] failed to file" it in a timely manner. Id. at 3. To the contrary, the court has not yet decided whether the March petition was untimely, nor has it dismissed the March petition. The court has not yet screened the petition under Rule 4 of the Rules Governing Section 2254 Cases to determine whether it can proceed. Because the petitioner has two pending *habeas* petitions that appear to challenge the same conviction, the court will let the petitioner amend this petition. The court advises the petitioner to include in the amended petition any and all grounds for relief arising from his June 2010 convictions, including claims that he

3

raised in this petition and claims that he raised in the petition he filed in October in Case No. 19-cv-1533. The court will dismiss the 19-cv-1533 petition in a separate order.

### III. Motion for Leave to Proceed Without Prepayment of the Filing Fee (Dkt. No. 4)

The petitioner filed his motion to proceed without prepaying the $5.00 filing fee the same day that he filed his *habeas* petition. Dkt. No. 4. About two months later, he filed a trust account statement from the Wisconsin Secure Program Facility. Dkt. No. 10 at 1. The statement shows that as of April 29, 2019, the petitioner had $1.83 in his trust account. Id. The petitioner also filed a motion to proceed without prepaying the $5.00 filing fee for his October petition. Case No. 19-cv-1533, Dkt. No. 2. In that case, he filed a trust account statement on October 21, 2019, which showed that as of October 11, 2019, he had $0.84 in his trust account. Id., Dkt. No. 4. The court finds that the petitioner is unable to pay the $5.00 filing fee. If the petitioner's amended petition survives screening, the court will allow him to proceed without prepaying the filing fee.

### IV. Conclusion

The court **ORDERS** the petitioner to file an amended *habeas* petition in time for the court to receive it by the end of the day on **February 7, 2020**. If the petitioner fails to file an amended complaint in time for the court to receive it by the end of the day on February 7, 2020, the court will screen (or review) only the claims in this March 2019 version of his petition.

4

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4. The court **WAIVES** the filing fee.

Dated in Milwaukee, Wisconsin this 29th day of November, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**