UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE L. TINNON,

        Petitioner,

        v.                                                 Case No. 19-cv-0340-bhl

GARY BOUGHTON,

        Respondent.

## SCREENING ORDER

On March 6, 2019, Petitioner Andre Tinnon, who is currently incarcerated at the Wisconsin Secure Program Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Under Rule 4 of the Rules Governing §2254 Cases, the Court must give the case prompt consideration. The Court notes that its review of the petition was delayed because, months after filing his petition in this case, Tinnon filed a second petition in a separate case, challenging the same conviction. On November 29, 2019, the Court dismissed the second petition and instructed Tinnon to file an amended petition in this case and to include any and all claims he wished to pursue. *Tinnon v. Boughton*, Case No. 19-cv-1533-pp, Dkt. No. 7. On January 2, 2020, Tinnon filed a letter in this case, informing the Court that he wanted to proceed with his original petition; he made clear that he would "not be filing an additional habeas corpus." Dkt. No. 12. On September 23, 2020, the case was subject to a judicial reassignment.

On May 17, 2021, Tinnon filed a "Proposed Amended Complaint." Dkt. No. 14. He resubmitted the proposed amendment on May 27, 2021, with additional attachments. Dkt. No. 15. On June 14, 2021, he submitted a third "Proposed Amended Complaint" with even more

attachments, including crime scene photos, police reports, literature about supermax prisons and prolonged segregation, and copies of certificates he has earned during his incarceration. Dkt. No. 16. Under Civil L. R. 9(a), a person "applying or petitioning for release from custody under 28 U.S.C. §2241 or 28 U.S.C. §2254 . . . must file their application, petition, or motion with the Clerk of Court using forms available from the Court." Tinnon's proposed amended petitions are not on the Court's form and lack the information the Court needs to conduct its preliminary review. Further, it does not appear that Tinnon intended to replace his original petition with his later filings; instead, he appears to want to supplement his original petition with his later filings. Accordingly, the Court will consider Tinnon's original petition, which he prepared using the Court's form, supplemented by his later filings.

> As noted, the Court must give the case initial consideration pursuant to Rule 4, which reads:
>
> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing §2254 Cases. During the Court's initial review, the Court looks to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted state court remedies.

After pleading guilty to first-degree intentional homicide, Tinnon was sentenced on June 7, 2010 in the Milwaukee County Circuit Court to life imprisonment with eligibility for supervised release to extended supervision after thirty-eight years. The circuit court also imposed a concurrent ten-year sentence for possession of a firearm by a felon. Tinnon asserts that he appealed his judgment of conviction, but his appellate counsel "removed his self from [his] case and stated [he] had no merit which was not true." Dkt. No. 1 at 3. Tinnon indicates that he did not seek review

of the appellate court's 2010 finding of no merit. *Id.* He did, however, pursue postconviction relief in the circuit court. In fact, according to a circuit court decision Tinnon attaches to his petition, as of October 2015, he had filed *ten* motions for postconviction relief. Dkt. No. 1-1 at 1. Tinnon notes that his postconviction motions were "all denied by Milwaukee County Court house Judges" and that he did not appeal those denials. Dkt. No. 1 at 5, 12.

A district court may not address the merits of a petition for writ of *habeas corpus* "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). This means that a petitioner must assert the claims he raises in his petition at each and every level in the state court system. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citations omitted). If a petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). "A petitioner is barred, with prejudice, from raising a claim that could have been but was not presented to the state court and at the time of the federal court habeas review can no longer be presented to the state court. A petitioner can raise a procedurally defaulted claim in a habeas proceeding only by showing good cause for the default and actual prejudice stemming from the default." *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995).

Tinnon concedes that he did not exhaust his state court remedies in connection with his 2010 conviction. He explains that he "brought up to the courts newly discovered evidence & ineffective [ ] assistance of counsel" (the claims he asserts in his petition) but no one "in the judicial system listened or was paying any attention to what [he] stated & what the actual factual evidence stated pertaining to the documents [he] presented as proof to the court." Dkt. No. 1 at 10. But Tinnon's assertion that no one "in the judicial system listened" is undercut by the fact that,

according to his petition, he never sought review of the circuit court's decisions denying his postconviction motions nor did he challenge his appellate counsel's statement that his direct appeal lacked merit or seek review of the appellate court's determination that his appeal lacked merit. Tinnon cannot now claim that he was ignored when it was his choice not to assert his claims at each and every level of the state court system. Because Tinnon fails to show good cause for his failure to exhaust his state court remedies, his petition must be dismissed.[1] *See Lemons*, 54 F.3d at 360.

**IT IS THEREFORE ORDERED** that, pursuant to Rule 4 of the Rules Governing §2254 Cases, Tinnon's petition for writ of habeas corpus is **DISMISSED** and a certificate of appealability is **DENIED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 16, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] "In an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant a writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Although Tinnon now claims he is innocent, this narrow exception does not apply because he does not assert that his conviction was the result of a constitutional violation; rather, he asserts that "newly discovered evidence" proves his innocence. Tinnon was convicted after pleading guilty, and in support of his petition, he attaches multiple police incident reports that chronicle his confession, which he made after voluntarily walking into a police station and waiving his right to a lawyer. Dkt. No. 1-1 at 7-11. The "newly discovered evidence" Tinnon highlights appears to be nothing more than inconsequential inconsistencies between his confession and the physical evidence. And, in any event, "[a]s a general rule, newly discovered evidence that bears only on the question of guilt or innocence is not reviewable by a federal court on a motion for habeas corpus relief." *Moore v. Casperson*, 345 F.3d 474, 491 (7th Cir. 2003) (citations omitted).